UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-20834-CIV-GOLD/TURNOFF

WACHOVIA BANK, NATIONAL ASSOCIATION, formerly known as FIRST UNION NATIONAL BANK, a national association,

    Plaintiff,

vs.

DR. PAUL TIEN, MING TIEN, HENRY TIEN, YIFE TIEN, THE AMERICAN UNIVERSITY OF THE CARIBBEAN N.V., INC., et al.,

    Defendants.
_____/

## OMNIBUS ORDER

**THIS CAUSE** came before the Court on several motions that were referred to the undersigned by the Honorable Alan S. Gold. A hearing on all pending referred motions was held before the undersigned on September 7, 2005.[1] "[M]any a judge has noted the potential for suffocation of justice in the mound of paperwork generated by a litigious society. The present case is exemplary." Robinson v. United States, 734 F.2d 735, 738 (11th Cir. 1984). Upon consideration of the motions, oral argument, consistent with the reasons discussed and the rulings issued *ore tenus*

---

[1] On June 8, 2005, the Court noticed the case for a hearing to be held on August 5, 2005 "on all pending motions referred to the undersigned." Defendants Ming and Henry Tien moved (unopposed) for a continuance and the hearing was re-scheduled to August 30th. Plaintiff then moved (unopposed) for a continuance and the hearing was re-scheduled to September 7th.

by the Court at the hearing, it is **ORDERED AND ADJUDGED** that:

1. Defendants Henry Tien and Ming Tien Cross-Motion for Appointment of a Receiver **[DE# 117-2]** is **DENIED** without prejudice.

2. Second Motion of Wachovia Bank National Association, to Compel Defendants Henry and Ming Tien to Answer Interrogatories and Produce Documents **[DE# 181]** is deemed **MOOT** as agreed-to by the parties at the hearing.

3. Defendants, Yife Tien, the AUC Companies and Meio's Motion for Mental Examination of Henry Tien and Motion to Reprimand Counsel **[DE# 235]** is **DENIED**. Defendants have not shown good cause for the Court to conclude that a mental examination of Henry Tien is required under the criteria set forth in Rule 35 of the Federal Rules of Civil Procedure and the cited case law. As to the request for the Court to reprimand counsel, as stated in open court, the undersigned is greatly disturbed by the actions/omissions of attorney Paul Batista,[2] the non-compliance with the prior discovery orders entered by U.S. Magistrate Judge Andrea M. Simonton, and the general conduct of discovery in this case. As Mr. Batista should already know, attorney's fees may be awarded when a party successfully moves for enforcement of compliance with the court's orders. Sizzler Family Steak Houses v. W. Sizzling Steak House, Inc., 793 F.2d 1529, 1535-36 (11th Cir. 1986). The undersigned will not tolerate any further non-compliance with this Court's orders and applicable rules. The Court will not hesitate, if warranted, to order, pursuant to Rule

---

[2] In his Motion to Appear *Pro Hac Vice* [DE# 40], Mr. Batista certified that he has studied the Local Rules of this Court. Based in part on this assertion, Judge Gold entered an Order [DE# 47] allowing Mr. Batista to appear *pro hac vice* in this case. Mr. Batista was not present at the hearing. Local counsel informed the Court that Mr. Batista is still very involved in this case but deferred to local counsel's able representation for purposes of the hearing.

2

37(d) of the Federal Rules of Civil Procedure, that any attorney that advises a party to not appear at a duly-noticed deposition, or to not respond to discovery requests (interrogatories or requests to produce), shall pay reasonable expenses, including attorney's fees.

4.     Defendants, Yife Tien, the AUC Companies and Meio's Motion to Strike Wachovia's Response to Henry Tien's Motion for Appointment of a Receiver over the Fund During the Pendency of the Lawsuit or in the Alternative Motion for Leave to File Sur Rejoinder **[DE# 237]** is **GRANTED** in part and deemed **MOOT** in part. Henry Tien's *pro se* Opposition **[DE# 224]** shall be **STRICKEN** because, as movant correctly points out, it is an improper response under Local Rule 11.1.D.4. because Mr. Tien cannot appear or act on his own behalf when he is represented by counsel. As to Wachovia's Response **[DE# 228]**, the response is deemed **MOOT** because it is a response to a filing that has been ordered stricken by the Court.

5.     Defendant Kurt de Freitas, Q.C.'s Motion for Protective Order Staying Discovery Pending Motion for Summary Judgment **[DE# 285]** is deemed **MOOT** as agreed-to by the parties at the hearing.

6.     Defendant Kurt de Freitas, Q.C.'s Motion for Enlargement of Time **[DE# 299]** is deemed **MOOT** as agreed-to by the parties at the hearing.

7.     Defendants, Yife Tien, the AUC Companies and Meio's Request to Enlarge Time to Respond to Turks and Caicos Islands' Motion for Protective Order **[DE# 303]** is deemed **MOOT** as agreed-to by the parties at the hearing.

8.     As to the following discovery motions, Defendants Henry Tien and Ming Tien's Motion (A) Pursuant to Fed. R. Civ. P. 26(c) to Enlarge Time to Conduct the Depositions of Henry

3

Tien, Yife Tien, Ming Tien, and Robert Black and (B) Pursuant to Fed. R. Civ. P. 37 to Compel the Yife Defendants to Comply with this Court's Order to Produce Documents Prior to Depositions **[DE# 187]**; Defendants, Yife Tien, the AUC Companies and Meio's Cross-Motion to Compel and Compliance with Court Order and for Sanctions **[DE# 207]**; Defendants, Yife Tien, the AUC Companies and Meio's Motion to Compel Production of Documents from Defendants Henry and Ming Tien on Movant's Third and Fourth Requests for Production **[DE# 212]** are **GRANTED** but no sanctions are granted at this time. Each party shall bear its own attorney's fees and costs with regard to the filing of these motions. All outstanding discovery that formed the basis for any of these motions (answers to interrogatories and documents responsive to requests to produce) shall be produced by September 30, 2005. "A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Fed. R. Civ. P. 34(d). The relevant parties to these discovery matters shall also serve certifications stating that all documents in their possession, that are responsive to the discovery requested in the motions, have been produced. The depositions of 1) Henry Tien; 2) Yife Tien; 3) Ming Tien; and 4) Bob Black shall be conducted during the first two weeks of October 2005.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this ___ day of September, 2005.

WILLIAM C. TURNOFF
United States Magistrate Judge

copies provided:
Hon. Alan S. Gold
Counsel of record

4