UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 04-20834-CIV-GOLD/TURNOFF

WACHOVIA BANK, NATIONAL ASSOCIATION, formerly known as FIRST UNION NATIONAL BANK, a national association,

    Plaintiff,

v.

DR. PAUL TIEN, MING TIEN, HENRY TIEN, YIFE TIEN, THE AMERICAN UNIVERSITY OF THE CARIBBEAN N.V., INC., et al.,

    Defendants.
_____/

**ORDER APPOINTING RECEIVER TO MANAGE INTERPLEADED FUNDS**

THIS MATTER came before the Court upon the *Motion to Deposit Funds Into the Court Registry*, [DE 214], and upon the *ore tenus* Motion to Appoint a Receiver to Manage Interpleaded Funds by Defendants, YIFE TIEN ("Yife Tien"), AMERICAN UNIVERSITY OF THE CARIBBEAN N.V., THE AMERICAN UNIVERSITY OF THE CARIBBEAN SCHOOL OF MEDICINE, AMERICAN UNIVERSITY OF THE CARIBBEAN (the "AUC Companies"), and MEDICAL EDUCATION INFORMATION OFFICE, INC. ("MEIO") (all collectively the "AUC Defendants").

The Court has considered the motion, heard from counsel for all parties, and determined that Defendants, who are the claimants to the funds, agree that it is in their respective interests to appoint a receiver over the funds in the five bank accounts at issue in this Interpleader Action.

Wachovia takes no position on the appointment of a receiver, but has indicated its willingness to work with a receiver, if appointed.

The Court has been advised that claimants are in agreement that Edward B. Davis, Esq., act as the Receiver of the Funds. The Court is also familiar with former Judge Davis' credentials and finds him highly qualified to act as a receiver over the funds.

The Court has been advised that the claimants to the funds desire to have the funds invested in United States Treasury Bills of up to 6 months maturity, in order to maximize return without incurring risks of loss. The Court notes that current stakeholder Wachovia Bank, N.A. has no objection to the funds being so invested.

The Court having considered the motions, heard argument of counsel, and being otherwise fully informed in the premises, it is:

**ORDERED AND ADJUDGED** that:

1. Edward B. Davis, Esq., of Akerman Senterfitt, be appointed as receiver (the "Receiver") over the funds in the five accounts that are the subject of this Interpleader Action (the "Funds") ;

2. The Receiver is ordered to open five segregated receiver's accounts with the trust department of Gibraltar Bank, F.S.B. and/or Wachovia Bank, N.A. ("Depository Institution") to facilitate the prudent investment of the Funds in United States Treasury Bills. The Receiver is authorized to enter into an agreement for the custody of the Funds and for the payment of a reasonable custodial fee to the Depository Institution for holding such Funds and Treasury Bills in the name of and for the Benefit of the Receiver pending further order of this Court. The Receiver shall be

      entitled to enter into such further agreements as may be reasonable, necessary and advisable in the discharge of the Receiver's duties. The Receiver shall notify all counsel and the Court upon opening such accounts.

3. Upon receiving notice of the opening of these accounts, Wachovia is ordered to transfer the Funds to the Receiver's accounts at the Depository Institution in a commercially reasonable manner to be held in such accounts as further directed in this order. The transfer of the Funds by Wachovia to the Receiver's accounts at the Depository Institution shall be deemed compliance by Wachovia with the jurisdictional requirements of 28 U.S.C. 1335 (a) (2).

4. The Receiver shall, through the services of the Depository Institution's trust department, cause the Funds to be invested in short term United States Treasury Bills with maturities of up to 6 Months, as the Receiver shall determine in his discretion, with the advise of the Depository Institution's trust department, reinvesting as the bills come due, until further order of this Court. The Receiver shall be entitled to utilize his sound discretion in determining the maturities of the Treasury Bills to be purchased.

5. The Receiver shall be free to keep such sums as he deems fit, not exceeding $100,000 per account, in current deposit accounts with the Depository Institution for purposes of pro rata payment of the Receiver's fees and those of professionals or other assistants he may retain to assist

him. The Receiver shall be entitled to pay the reasonable custodial and related fees of the Depository Institution as they come due.

6. The Receiver shall file an initial report upon receipt and initial investment of the Funds, so advising the Court and counsel, and thereafter shall file periodic reports on the status of the Funds on a quarterly basis.

7. The Receiver shall be entitled and empowered to employ legal counsel, accountants, clerks or assistants, including persons within the law firm of Akerman Senterfitt, as the Receiver deems necessary to assist him in the discharge of his duties. The Receiver and those persons he shall engage to assist him shall be entitled to receive a reasonable hourly fee for their services at their regular hourly rates, together with reimbursement of reasonable expenses incurred. The Receiver shall be empowered to fix and pay these reasonable fees and expenses on a monthly basis, subject to approval by the Court at the times the Receiver accounts to the Court for such expenditures and compensation.

8. The Receiver's fees and expenses and those of the persons assisting him, shall be charged proportionally against the five receiver's accounts.

9. No bond shall be required in connection with the appointment of the Receiver of the Funds.

10. The Receiver shall be indemnified by the Funds against any claims made against him in his capacity as Receiver of the Funds, and held harmless by all parties against any claims that the Funds could or should have been invested at a different or higher rate of return by utilizing an alternate

investment, or any other claims save and except for intentional wrongful acts.

11. The Receiver shall make application to the Court to determine and order a reasonable hourly fee and expenses be paid to the Receiver and any necessary assistants for their services, on a quarterly basis, upon submission by the Receiver of an invoice, and Court approval of same.

12. A copy of this order shall be provided to the Depository Institution at the time of opening the receivership accounts. The Depository Institution shall permit no transfers or withdrawals of funds without prior order of this Court, except as are expressly authorized herein.

13. The Receiver shall seasonably inform the parties of any changes in the investment of the funds.

14. The Receiver shall be authorized to seek approval from the Court to invest in longer duration United States Treasury Bills if in his sole discretion such shall be prudent and appropriate. Absent prior Court approval, no different investments shall be made with the Funds.

15. This Court shall retain jurisdiction of this matter for all purposes related to the administration of the Receivership and the ultimate determination of the entitlement to the Funds.

DONE AND ORDERED in Chambers on this ___ day of _____, 2005.

_____
HON. ALAN S. GOLD
U.S. DISTRICT COURT JUDGE

Copies furnished to:
Magistrate Judge Turnoff
All Counsel of Record