UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 04-20834-CIV-GOLD/GOODMAN

WACHOVIA BANK, NATIONAL
ASSOCIATION, formerly known as
FIRST UNION NATIONAL BANK,
a national association,

    Plaintiff,

vs.

MING TIEN, et al.

    Defendants.
_____/

## ORDER OF RECUSAL

This matter is before the Court on Defendant Harry Tein's "motion to bring Magistrate Judge Chris McAliley back to the case" (D.E. 1855), which the Clerk construed and docketed as a motion to reassign this case to Judge McAliley (D.E. 1856).

Although the Court liberally construes *pro se* motions, Tein's submission is not accompanied by an affidavit and must therefore be considered a motion to disqualify the Undersigned strictly under 28 U.S.C. § 455(a), not 28 U.S.C. § 144. *See Blum v. Gulf Oil Corp.*, 597 F.2d 936, 938 (5th Cir. 1979); *Levine v. Gerson*, 334 F. Supp. 2d 376 (S.D.N.Y. 2003) ("§ 144 is triggered by an affidavit of a party").[1]

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a);

---

[1] Although Tein specifically requests that Judge McAliley resume magistrate judge duties on this case, his remedy, should the Undersigned recuse, is for this case to be reassigned by the Clerk of the Court pursuant to standing administrative orders. In other words, Tein does not have the right to pick and choose the district court judge and magistrate judge assigned to his case.

*see also Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988); *United States v. Torkington*, 874 F.2d 1441, 1446 (11th Cir. 1989).  "The test is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).

The Eleventh Circuit has recognized that a judge should generally recuse himself on cases in which is former law firm is a party or counsel for **two years** following the judge's appointment to the bench.  *Draper v. Reynolds*, 369 F.3d 1270, 1281 n.18 (11th Cir. 2004).  Indeed, it is the practice of many judges to recuse themselves from cases involving their former law firms for *several* years following their appointment to the bench.  I assumed my magistrate duties in late July 2010, less than a year ago.

Although a receiver or special master is not technically a *party,* the Federal Rules of Civil Procedure incorporate the recusal standard from 28 U.S.C. § 455 for special masters: "A master must not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455, unless the parties, with the court's approval, consent to the appointment after the master discloses any potential grounds for disqualification."  Fed. R. Civ. P. 53(a)(2).

The Undersigned was a partner at the Akerman Senterfitt firm for 17 years (from 1993 through late July 2010).  Receiver and Special Master Michael B. Chavies is also a partner at the Akerman Senterfitt firm and was my partner there for several years (i.e., through late July 2010).  The Undersigned also worked with several of the attorneys whom Mr. Chavies has assigned to represent him on this case.  They, too, were my law partners until late July 2010.

It is therefore highly unlikely that Mr. Chavies would have been appointed to serve in his respective capacities had the Undersigned *already* been assigned to this case. Instead, this fortuity has come to pass because of the triennial magistrate judge pairings which recently commenced on April 1, 2011. The Court must therefore consider that disqualification would likely be required under § 445, that the Undersigned is new to this case while the special master is already familiar with it and that Tein's motion indicates that he does not consent, as required by Rule 53.[2]

Based on these circumstances, the Court finds that recusal is warranted in this situation.[3]

Tein's motion, construed as a motion for recusal under 28 U.S.C. § 455, is **granted**. The Undersigned recuses himself and refers to this case back to the Clerk for reassignment of magistrate judge duties pursuant to standing administrative orders.

DONE and ORDERED in Chambers, at Miami, Florida, this 26th day of May, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Hon. Alan S. Gold
All counsel or record and *pro se* parties

---

[2] The Akerman Senterfitt firm has been involved in this case for *several* years. *See e.g.,* Preliminary Order Appointing Receiver to Manage Interpleaded Funds (D.E. 378), entered on December 5, 2005. In this Preliminary Order, the Honorable Alan S. Gold appointed former Chief United States District Judge Edward B. Davis, also of the Akerman Senterfitt firm, to be the Receiver over the interpleaded funds. The Preliminary Order also authorized the Receiver to employ legal counsel, including Akerman Senterfitt lawyers. Mr. Chavies was appointed Receiver and Special Master after the death of Judge Davis. (D.E. 1607). Consistent with the authority provided in the Preliminary Order, the Akerman Senterfitt firm submitted the Receiver's Initial Status Report on February 6, 2006 (D.E. 397).

[3] No party objected to Tein's motion to disqualify the Undersigned.