UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

**CASE NO. 04-20834-CIV-DIMITROULEAS**

AMERICAN UNIVERSITY OF
THE CARIBBEAN, a Cayman Islands
company,

    Plaintiff,

v.

HENRY TIEN and MING TIEN,

    Defendants.
_____/

**MOTION TO COMPEL HENRY TIEN TO SIGN IRS FORM 8821 FOR THE PURPOSE OF CONDUCTING DISCOVERY IN AID OF EXECUTION**

Plaintiff, AMERICAN UNIVERSITY OF THE CARIBBEAN, (the "Plaintiff" or "Judgment Creditor") moves this Court for an order to compel HENRY TIEN (the "Judgment Debtor") to sign IRS Form 8821 for the purpose of conducting discovery in aid of execution and as grounds in support thereof, states the following:

**INTRODUCTION**

1. On November 17, 2021, the Plaintiff issued a subpoena in aid of execution to the Internal Revenue Service ("IRS") to produce records for Henry Tien. *See* [D.E. 2384].

2. The Judgment Creditor issued said subpoena because it has not located any assets of the Judgment Debtor, but it wants to better understand the financial status of the Judgment Debtor and also believes that the Judgment Debtor may be using one or more pass-through corporate entities to pay daily expenses and may also maintain bank accounts in foreign countries. This information may be available in the Judgment Debtor's tax returns.

3. Unfortunately, the IRS refused to produce the records sought by Judgment Creditor. Attached as Exhibit "A" is the response letter from the IRS.

4. However, the IRS letter does state that it would produce tax information if the taxpayer fills out and signs a Form 8821.

5. The Judgment Creditor specifically seeks the Judgment Debtor's return transcript, record of account transcript, account transcript, wage & income transcript, Form 114, report of foreign bank and financial accounts, and Form 8939, statement of specified foreign financial assets, (collectively, the "IRS Documents") from 2016 - 2020.

6. The Judgment Creditor can obtain the IRS Documents if the Judgment Debtor signs a Form 8821, which would authorize the IRS to release records to a third party. In this case, the third party would be Judgment Creditor's counsel.

7. The Judgment Creditor has completed two versions of Form 8821 with different addresses of the Judgment Debtor because the name of the taxpayer and address must match the requested tax returns. Both 8821 forms are attached as Composite Exhibit "B."

## ARGUMENT

8. Based on the long and contentious history between the parties, the Judgment Creditor requires the Court's intervention to enter an order to compel the Judgment Debtor to sign both versions of Form 8821.

9. Additionally, ordering the Judgment Debtor to sign Form 8821 to permit the IRS to produce documents, instead of himself, will avoid future motion practice and preserve the Court's time and resources because neither party can question the veracity of the information produced by the IRS.

10. "[I]n a post-judgment scenario, the creditor has the right to discover any assets the

debtor might have that could be subject to levy or execution to satisfy the judgment, or assets that the debtor might have recently transferred." *Wachovia Bank v. Tien*, 2015 U.S. Dist. LEXIS 190672, at *8-9 (S.D. Fla. Sep. 23, 2015).

11. "In the post-judgment context '[f]ederal law as interpreted in the Eleventh Circuit . . . does not require any demonstration beyond Rule 26(b) relevance to allow a party to obtain financial information, including tax records, through discovery.'" *Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, 2019 U.S. Dist. LEXIS 18237, at *4 (S.D. Fla. Feb. 4, 2019) (citation omitted).

12. Since the Judgment Creditor has yet to identify any assets of the Judgment Debtor that it could collect against, the IRS Documents will provide information relevant to the Judgment Debtor's finances, in the U.S. and abroad, including assets, liabilities and place of employment. The IRS Documents may also provide the Judgment Creditor with the names, and possibly EIN numbers, of entities and/or individuals that could be the recipients of fraudulent transfers by the Judgment Debtor and could be included in future proceedings supplementary.

13. Lastly, there is no undue burden imposed on the Judgment Debtor to sign two documents and the Judgment Debtor should be ordered to sign each Form 8821 within three business days and to return the original signed documents by first class certified mail to Judgment Creditor's counsel. The purpose of the first class certified mail requirement is so that the Judgment Debtor will receive a tracking number and can prove that the documents were sent, in the event that the Judgment Creditor has not received the documents after several days.

WHEREFORE, Judgment Creditor, AMERICAN UNIVERSITY OF THE CARIBBEAN. respectfully requests that the Court enter an order compelling Judgment Debtor, HENRY TIEN, to sign each Form 8821, attached as Composite Exhibit "B," within three business days and to

return the original signed forms to Judgment Creditor's counsel by first class certified mail.

Respectfully submitted,

ABALLI MILNE KALIL, P.A.
*Attorneys for American University of the Caribbean*
2250 SunTrust International Center
One Southeast Third Ave.
Miami, FL 33131
Tel: (305) 373-6600
Fax: (305) 373-7929
Email: ckalil@aballi.com
Email: jpoyer@aballi.com
Email: gsmith@aballi.com

*s/ Craig P. Kalil*
Craig P. Kalil
Florida Bar No.: 607282
Joshua D. Poyer
Florida Bar No.: 653349
Grant S. Smith
Florida Bar No.: 100593

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of January, 2022, a true and correct copy of the foregoing was electronically filed via CM/ECF filing portal, which will serve this document on all counsel of record via this Court's e-service system, and served via U.S. Mail upon Henry Tien, *pro se*, at 5660 S.W. 58th place, Miami, Florida 33143.

*s/ Craig P. Kalil*
Craig P. Kalil
