UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-CV-20834-DIMITROULEAS/VALLE

AMERICAN UNIVERSITY
OF THE CARIBBEAN, a
Cayman Islands company,

      Plaintiff,

v.

HENRY TIEN and MING TIEN,

      Defendants.

_____

**ORDER REGARDING MOTION TO COMPEL SIGNATURE
AND THIRD-PARTY SUBPOENAS IN AID OF EXECUTION**

THIS MATTER is before the Court upon: (i) Plaintiff American University of the Caribbean's ("Plaintiff" or "Judgment Creditor") Motion to Compel Henry Tien to Sign IRS Form 8821 for the Purpose of Conducting Discovery in Aid of Execution (ECF No. 2389) (the "Motion to Compel Signature"); and (ii) objections by Henry Tien and Ming Tien (the "Tiens") to several subpoenas that Plaintiff has served on third-parties to obtain discovery in aid of execution of outstanding judgments against the Tiens (ECF Nos. 2373, 2374, 2375, 2376, 2377) (the "Objections to the Subpoenas"). United States District Judge William P. Dimitrouleas has referred the Motion to Compel Signature to the undersigned and previously referred post-judgment discovery matters for appropriate disposition. *See* (ECF Nos. 2138, 2170, 2312, 2332, 2360, 2390).

The undersigned has reviewed the Motion to Compel Signature, Henry Tien's Opposition to the Motion to Compel Signature (ECF No. 2393), the various Third-Party Subpoenas (ECF Nos. 2372, 2373, 2374, 2375, 2376, 2377, 2381, 2386, 2388), the Tiens' Objections to the

Subpoenas (ECF Nos. 2378, 2379, 2380, 2382, 2383, 2387, 2392), the Judgment Creditor's Omnibus Response (ECF No. 2385), and the record in this case. Accordingly, it is hereby **ORDERED AND ADJUDGED** as set forth below.

## I. BACKGROUND

In 2016, this Court entered final judgments in favor of Plaintiff and against the Tiens in the amounts of $186,863.10 and $3,798,814.70. (ECF Nos. 2288, 2306). Both judgments remain outstanding. (ECF No. 2385 at 1-2). Accordingly, under Federal Rule of Civil Procedure 45, Plaintiff has issued subpoenas to various third-parties to discover assets and/or information that may lead to the discovery of the Tiens' assets, including bank accounts, insurance policies, and information about how the Tiens pay their bills. *Id.* at 4. The Tiens have filed objections to the Third-Party Subpoenas and Henry Tien has objected to the Motion to Compel Signature. Plaintiff's Motion to Compel Signature and the Third-Party Subpoenas are discussed below.

## II. DISCUSSION

### A. Motion to Compel Signature

In response to Plaintiff's subpoena, the IRS would not produce tax information for Henry Tien unless Mr. Tien signed Form 8821, authorizing the IRS to release taxpayer information to a third-party. (ECF No. 2389 at 2). As a result, Plaintiff filed the Motion to Compel Signature. Henry Tien objects to the Motion to Compel Signature, arguing that: (i) the tax information is confidential and private; (ii) the amount owed to Plaintiff is currently in dispute in a separate case; and (iii) he has no money to pay Plaintiff. *See generally* (ECF No. 2393).

The undersigned has previously ruled that "in a post-judgment scenario, the creditor has the right to discover any assets the debtor might have that could be subject to levy or execution to satisfy the judgment, or assets that the debtor might have recently transferred." *Wachovia Bank v.*

*Tien*, No. 04-CV-20834, 2015 WL 13240005, at *1 (S.D. Fla. Sept. 23, 2015) (citation omitted). Moreover, "broad discovery of a debtor's assets is permitted and all assets (whether held individually or jointly) are relevant to collecting the debt owed. *Id.* Additionally, "[i]n the post-judgment context "[f]ederal law as interpreted in the Eleventh Circuit . . . does not require any demonstration beyond Rule 26(b) relevance to allow a party to obtain financial information, including tax records, through discovery." *Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, No. 15-CV-62688, 2019 WL 10058909, at *1 (S.D. Fla. Feb. 5, 2019) (compelling the production of tax returns). Therefore, Henry Tien's objection that his tax returns are confidential and private as against the Judgment Creditor is overruled.

The undersigned also overrules Henry Tien's objection that the debt is disputed and that he has no money to pay Plaintiff. Indeed, in a separate action pending in this District, the presiding District Judge overruled these same objections by Henry Tien and renewed judgments in favor of Plaintiff and against the Tiens. *See American Associated Gr. v. Tien*, No. 21-21928-WPD (S.D. Fla. May 11, 2022) (ECF No. 39) (adopting report and recommendation and entering renewed judgments). Accordingly, Henry Tien's objection to the Motion to Compel Signature is overruled and the Motion is granted as further set forth below.

### B. Subpoenas to Third-Parties, the Tiens' Objections, and Plaintiff's Omnibus Response

Plaintiff served numerous subpoenas on third parties (the "Subpoenaed Third-Parties"), which resulted in similar and conclusory objections by the Tiens.[1] *See* (ECF Nos. 2378, 2379,

---

[1] The subpoenas (collectively, the "Third-Party Subpoenas") and the corresponding objections are listed below:
ECF No. 2372: subpoena to CIBC Bank USA, Inc. – Objection ECF No. 2380
ECF No. 2375: subpoena to Canadian Imperial Bank of Commerce – Objection ECF No. 2380
ECF No. 2373: subpoena to AT&T – Objection ECF No. 2379
ECF No. 2374: subpoena to State Farm Mutual Automobile Insurance Co. – Objection ECF No. 2378

3

2380, 2382, 2383, 2387, 2392). Plaintiff, in turn, filed an Omnibus Response to the Tiens' Objections. (ECF No. 2385). In the interest of efficiency (and with the exception of the subpoena to Wells Fargo Bank discussed below), the undersigned addresses the Third-Party Subpoenas and objections collectively.

Discovery in aid of execution is broad and judgment creditors have liberal rights to discovery. *Tien*, 2015 WL 13240005, at *2. Moreover, "[p]ost-judgment discovery can be used to gain information relating to the existence or transfer of the judgment debtor's assets*."* *United States v. S. Cap. Constr., Inc.*, No. 8:16-CV-705-T-24JSS, 2018 WL 7017412, at *1 (M.D. Fla. Sept. 24, 2018). Additionally, under Federal Rule of Civil Procedure 69, "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

As an initial matter, the Tiens lack standing to object to the subpoenas in aid of execution served on the Subpoenaed Third-Parties based on undue burden or the reasonableness of the time to comply. Thus, those objections are overruled. The undersigned also overrules the Tiens' objection that the temporal scope of the Third-Party Subpoenas should be limited to six months. Here, the judgments were entered in 2016 and the Third-Party Subpoenas seeking information from 2016 forward are within the relevant timeframe.[2]

---

ECF No. 2376 = subpoena to FP&L – Objection ECF No. 2383
ECF No. 2377 = subpoena to Miami-Dade Water & Sewer Dept. – Objection ECF No. 2382
ECF No. 2381 = subpoena to Gables Estates Club, Inc. ("Gables Estates") – no objection to date.

[2] Some of the subpoenas identify other years as the relevant timeframe. *See, e.g.,* (ECF No. 2373-1 at 5) (seeking documents from 2019 forward); (ECF No. 2374-1 at 7) (seeking documents from 2017 forward). Nevertheless, all years from 2016 forward are within the relevant temporal scope.

Moreover, the Tiens' objections to the subpoenas based on a personal right or privilege are also overruled as the Tiens do not identify any applicable personal right or privilege. The undersigned also finds that the subpoenas seeking correspondence/communications between lawyers and third-parties are not attorney communications involving the Tiens, which may be privileged or protected. The undersigned is similarly unpersuaded by the Tiens' unsupported assertion that the possible exemption from seizure of certain assets precludes discovery regarding the Tiens' insurance policies. Rather, the Third-Party Subpoenas properly seek to discover bank accounts, how the Tiens pay their bills, and any claims made on insurance policies—all discoverable in aid of execution.

Accordingly, the Tiens' objections to the Third-Party Subpoenas are overruled. By the date set forth below, the Subpoenaed Third-Parties must produce documents responsive to the subpoenas at issue in this Order.[3]

### C. Subpoenas to Wells Fargo Bank

In December 2021 and January 2022, Plaintiff served subpoenas on Wells Fargo Bank, N.A. ("Wells Fargo"). *See* (ECF Nos. 2386, 2388). The December 2021 subpoena seeks production of documents, whereas the January 2022 subpoena seeks a deposition and documents. *Compare* (ECF No. 2386), *with* (ECF No. 2388). The Tiens object to both subpoenas. *See* (ECF Nos. 2387, 2392).

The undersigned finds that the December 2021 subpoena for documents is subsumed within the January 2022 subpoena. Therefore, to the extent that Wells Fargo has not yet produced

---

[3] The subpoena to Gables Estates (ECF No. 2381) is unopposed. Therefore, the subpoena is enforceable and Gables Estates must produce responsive documents by the date set forth below.

responsive documents, the December 2021 subpoena is deemed unenforceable. Therefore, the undersigned will address the enforceability of January 2022 subpoena.

As noted above, the Tien's objection to the temporal scope of the subpoena is overruled. Because the judgments are from 2016, discovery in aid of execution dating back to 2016 is relevant and appropriate. The undersigned also overrules the Tiens' objection based on a purported right to privacy/confidentiality by the Tiens or entities for which they may be signatories. Simply put, the subpoena to Wells Fargo seeks account statements and documents that are discoverable in aid of execution.

Additionally, other than a conclusory objection to a deposition of a Wells Fargo representative, the Tiens have not established that a deposition is improper or contrary to the Federal Rules/procedures permitting discovery in aid of execution. Therefore, the Tiens' objection to the deposition of a Wells Fargo representative in response to the January 2022 subpoena is overruled. By the date set forth below, the parties must confer in good faith to determine the parameters to conduct the deposition of Wells Fargo, including determining: (i) the date; (ii) the format (in person or via video); and (iii) any additional necessary procedures/logistics.

### III.   CONCLUSION

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** that:

1.   The Motion to Compel Signature (ECF No. 2389) is **GRANTED**. Within **14 days** from the date of this Order, Henry Tien shall sign each IRS Form 8821, filed at ECF No. 2389-2, and return original signed forms to Plaintiff's counsel by First Class certified mail. Failure to timely comply with this Order may lead to sanctions. *See, e.g.*, (ECF No. 2340) (the undersigned's Report and Recommendation to the District Judge that Ming Tien be held in civil contempt for failing to obey this Court's Order to produce a stock certificate).

    2.       The Tiens' Objection to the Third-Party Subpoenas are **OVERRULED**.

    3.       As to Wells Fargo, within **14 days** from the date of this Order, the parties must telephonically meet and confer in a good faith effort to determine the format, procedures, and logistics of the Wells Fargo deposition, which must be conducted within **45 days** from the date of this Order.

    4.       As to the Subpoenaed Third-Parties, unless otherwise agreed to by the parties and the subpoenaed entity, within **30 days** from the date of this Order, the Subpoenaed Third-Parties must produce documents responsive to the subpoenas discussed in this Order.

    5.       Lastly, Plaintiff must serve a copy of this Order on the Tiens by First Class certified mail and file a Notice with evidence of the same.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on June 2, 2022.

*/s/ Alicia O. Valle*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge William P. Dimitrouleas
    All Counsel of Record