UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-CV-20834-DIMITROULEAS/VALLE

AMERICAN UNIVERSITY OF
THE CARIBEEAN, a Cayman Island
company,

    Plaintiff,

v.

HENRY TIEN and MING TIEN,

    Defendants.
_____

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE**

THIS MATTER is before the Court upon: (i) Plaintiff American University of the Caribbean's ("Plaintiff" or "Judgment Creditor") Motion to Compel Henry Tien to Sign IRS Form 8821 for the Purpose of Conducting Discovery in Aid of Execution (ECF No. 2389) (the "Motion to Compel Signature"); and (ii) Plaintiff's Motion for an Order to Show Cause Why Henry Tien Should Not be Held in Contempt of Court (ECF No. 2396) (together, the "Motions"). United States District Judge William P. Dimitrouleas has referred the Motions to the undersigned for appropriate disposition. *See* (ECF Nos. 2390, 2397).  On August 19, 2022, the Court held a hearing on the Motions (ECF No. 2402) (the "Show Cause Hearing").  Accordingly, having reviewed the Motions, and being otherwise duly advised in the matter, the undersigned recommends that Henry Tien be held in contempt of Court.

## I.   BACKGROUND

This case involves almost two decades of litigation. For purposes of the instant Motions, however, the background is relatively brief. In 2016, this Court entered initial final judgments in favor of Plaintiff and against the Defendants Henry Tien and Ming Tien (the "Tiens") for approximately $3.9 million, collectively. *See* (ECF Nos. 2288, 2306). In May 2022, Plaintiff filed and the District Court granted a Complaint to Renew Judgment against the Tiens for $199,790.43 and $4,054,628.34. *See American Associated Gr. v. Tien*, No. 21-CV-21928-WPD (S.D. Fla. May 11, 2022) (ECF Nos. 39, 42, 49) (adopting report and recommendation and entering renewed judgments). To date, however, the Judgments remain unsatisfied and Plaintiff continues to pursue collection efforts.

Relevant here, on January 13, 2022, Plaintiff filed the Motion to Compel Signature seeking to compel Mr. Tien to sign IRS Form 8821. (ECF No. 2389). On June 2, 2022, the undersigned overruled Mr. Tien's objections and granted the Motion to Compel Signature ("Order Compelling Signature"), ordering that:

> Within 14 days from the date of [that] Order, Henry Tien shall sign each IRS Form 8821, filed at ECF No. 2389-2, and return original signed forms to Plaintiff's counsel by First Class certified mail. Failure to timely comply with this Order may lead to sanctions. *See, e.g.*, (ECF No. 2340) (the undersigned's Report and Recommendation to the District Judge that Ming Tien be held in civil contempt for failing to obey this Court's Order to produce a stock certificate).

(ECF No. 2394 at 6); *see also id.* at 2-3.

Defendant Henry Tien failed to timely comply with the Order Compelling Signature. Thereafter, on July 27, 2022, Plaintiff filed a Motion for a Show Cause Hearing. (ECF No. 2396). The undersigned scheduled a Show Cause Hearing and advised that the "[h]earing may be cancelled upon Notice to the Court that Mr. Tien has signed and returned to Plaintiff IRS [F]orm 8821." (ECF No. 2399). Plaintiff confirmed that it served Mr. Tien with a

copy of the Order scheduling the Show Cause Hearing. (ECF No. 2400). Despite the scheduling of the Show Cause Hearing, Mr. Tien did not comply with the Order Compelling Signature.

On August 19, 2022, the undersigned held the Show Cause Hearing, at which Mr. Tien appeared without counsel.[1] (ECF No. 2402). During the hearing, Mr. Tien confirmed that he understood the Court's Order Compelling Signature.[2] Hr'g Tr. 7:25-8:8. Mr. Tien also confirmed that he refused to sign IRS Form 8821 and would rely on his previous written responses and objections, even though the Court had previously overruled those objections. Hr'g Tr. 7:20-21, 8:9-16. During the hearing, the undersigned once again ordered Mr. Tien to sign IRS Form 8821. *Id*. 8:9-12. Nonetheless, Mr. Tien refused to sign Form 8821. *Id*. 8:13-21.

Defendant Henry Tien has failed to comply with several Orders from this Court. (ECF No. 2394; Hr'g Tr. 7:20-21, 11:14-16). Thus, Plaintiff requests that the Court find Mr. Tien in civil contempt for failing to comply with the Court's Orders directing him to sign IRS Form 8821. Indeed, during the hearing, Plaintiff reiterated that it had brought the forms to Court for Mr. Tien to sign. Hr'g Tr. 10:22-23. Plaintiff, however, would not withdraw its request for civil contempt, representing that despite diligent efforts to find an alternate way to get Mr. Tien's tax information, Plaintiff has confirmed with the IRS that there is no other way. *Id*. 10:25-11:6.

Finally, during the Show Cause Hearing, the undersigned confirmed that Mr. Tien understood that he could be incarcerated if he did not comply and provided Mr. Tien with a last opportunity to comply with the Court's Orders. Hr'g Tr. 11:8-16. Mr. Tien again confirmed that he understood the Court's instructions, but would not sign IRS Form 8821. *Id*. 11:12-16.

---

[1] Mr. Tien has been proceeding without counsel throughout most of these proceedings.

[2] The transcript of the hearing, which the undersigned has requested to be filed on the record, is incorporated by reference. (hereinafter, "Hr'g Tr.").

3

## II.   LEGAL STANDARD

The District Court's power to find a Defendant in civil contempt for disobeying the Court's orders stems from the Court's inherent power to enforce compliance with its lawful orders. *United States v. Pierre*, No. 04-CV-21129, 2007 WL 5268245, at *2 (S.D. Fla. Mar. 21, 2007) (citations omitted). A finding of civil contempt must be supported by clear and convincing evidence. *S.E.C. v. Pension Fund of Am., L.C.,* 396 F. App'x 577, 580 (11th Cir. 2010). The clear and convincing evidence must establish that: (i) an order was violated; (ii) the allegedly violated order was valid and lawful; (iii) the order was clear and unambiguous; and (iv) the alleged violator had the ability to comply with the order. *Id.* A party subject to a contempt order must show that he has "made in good faith all reasonable efforts to comply." *Id.* at 582 (citations omitted).

## III.   FINDINGS OF FACT

The undersigned makes the following findings of fact in connection with Plaintiff's request to find Defendant Henry Tien in contempt of Court.

1.   In the Order Compelling Signature, the undersigned ordered Defendant Henry Tien to sign each IRS Form 8821, filed at ECF No. 2389-2, and return original signed forms to Plaintiff's counsel by First Class certified mail. The Order also advised Defendant Tien that failure to timely comply may lead to sanctions. (ECF No. 2394 at 6).

2.   Defendant Henry Tien failed to comply with the Court's Order Compelling Signature.

3.   Defendant Henry Tien appeared at the Show Cause Hearing and confirmed that although he understood the Order Compelling Signature, he would not sign IRS Form 8821.

4. During the Order to Show Cause Hearing, the undersigned twice directed Defendant Henry Tien to sign the IRS Form 8821, but Mr. Tien refused to sign the form.

5. Defendant Henry Tien has the ability to comply with this Court's Orders. Specifically, Defendant Tien can execute IRS Form 8821 and return original signed forms to Plaintiff's counsel by First Class certified mail or could have signed IRS Form 8821 in Court during the hearing.

6. The Orders by the Court were valid and lawful. Specifically, "in a post-judgment scenario, the creditor has the right to discover any assets the debtor might have that could be subject to levy or execution to satisfy the judgment, or assets that the debtor might have recently transferred." *Wachovia Bank v. Tien*, No. 04-CV-20834, 2015 WL 13240005, at *1 (S.D. Fla. Sept. 23, 2015) (citation omitted). Moreover, "broad discovery of a debtor's assets is permitted and all assets (whether held individually or jointly) are relevant to collecting the debt owed. *Id.* Additionally, "[i]n the post-judgment context "[f]ederal law as interpreted in the Eleventh Circuit . . . does not require any demonstration beyond Rule 26(b) relevance to allow a party to obtain financial information, including tax records, through discovery." *Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, No. 15-CV-62688, 2019 WL 10058909, at *1 (S.D. Fla. Feb. 5, 2019) (compelling the production of tax returns). Consequently, the Court's Orders requiring Mr. Tien to sign IRS Form 8821 are proper. Mr. Tien has not challenged the propriety of the Court's Orders.

7. The Orders were also clear and unambiguous, unequivocally directing Mr. Tien to sign each IRS Form 8821, filed at ECF No. 2389-2, and return the original signed forms to Plaintiff's counsel by First Class certified mail. Mr. Tien has never requested clarification of the

Court's Orders, but rather confirmed his understanding of the Court's Orders during the Show Cause Hearing.

8. Defendant Henry Tien did not explain what efforts, if any, he made to comply with the Court's Orders. Instead, Mr. Tien relied on his previous written responses and objections, even though the Court had previously overruled those objections. Hr'g Tr. 7:20-8:16.

9. As noted above, Defendant Henry Tien has the ability to comply with the Court's Order, but has failed to do so despite the Court's express instructions. Moreover, during the hearing, the undersigned advised Mr. Tien of the possible consequences of his continued failure to comply with this Court's Orders, including the fact that the undersigned would recommend to the District Judge that he be held in civil contempt and be incarcerated until he complies with the Court's Orders. Notwithstanding, Mr. Tien refuses to sign IRS Form 8821.

10. The undersigned finds that Plaintiff has established the need for civil contempt by clear and convincing evidence.

11. Under these circumstances, this Court finds that the only way to obtain compliance with the Court's prior Orders is to find Mr. Tien in civil contempt, and hold him in custody until he purges himself of contempt by signing IRS Form 8821.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion to find Henry Tien in Contempt of Court for failure to sign IRS Form 8821 be **GRANTED**. Specifically, the District Judge should: (i) enter an Order holding Defendant Henry Tien in civil contempt for failure to obey this Court's Orders requiring him to sign IRS Form 8821; (ii) issue a warrant for Defendant Henry Tien's arrest; and (iii) enter an Order that

Defendant Henry Tien be held in custody until he purges himself of contempt by complying with the Court's Orders.

Within **fourteen days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Plaintiff shall serve a copy of this Report and Recommendation on the pro se Defendant Henry Tien by certified First Class Mail and file a Notice of Compliance regarding service.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on August 26, 2022.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge William P. Dimitrouleas
All Counsel of Record